UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

NATHAN VINCEN VOSSLER

Case No. 1:16-cr-78-SEB-MJD-01

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a

reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable

factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the

Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☐ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00078-SEB-MJD |
| | ) | |
| NATHAN VINCEN VOSSLER, | ) | -01 |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Nathan Vincen Vossler's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 73. Mr. Vossler seeks immediate release. *Id.* For the reasons stated below, his motion is **DENIED.**

### I.
### BACKGROUND

In June 2017, the Court sentenced Mr. Vossler to 180 months' imprisonment (to run concurrent to a state sentence) and a life term of supervised release after he pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Dkt. 68.

On May 29, 2020, 2020, Mr. Vossler filed a pro se motion that the Court construed as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 73. The Court appointed counsel to represent Mr. Vossler, dkt. 74, and appointed counsel relied on Mr. Vossler's pro se motion, dkt. 82. The United States responded in opposition. Dkt. 83. Mr. Vossler has not filed a reply, and the time for doing so has passed. *Id.* Thus, his motion is ripe for review.

### II.
### DISCUSSION

Mr. Vossler is 44 years old. He is now incarcerated at the Federal Correctional Institution in Greenville, Illinois ("FCI Greenville"). As of October 6, 2020, the Bureau of Prisons ("BOP") reports that 22 inmates at FCI Greenville are currently infected with COVID-19 and that 74 inmates have recovered from the virus. *See* https://www.bop.gov/coronavirus/ (last visited Oct. 6, 2020). The BOP website gives Mr. Vossler's release date as October 9, 2028.

Mr. Vossler contends that extraordinary and compelling reasons warrant his immediate release because his age and "documented fact of upper respiratory problems" put him at risk of experiencing severe symptoms if he contracts COVID-19. Dkt. 73 at 2. Mr. Vossler explains that he was hospitalized in 2013 and received breathing treatments due to complications from an infection he was experiencing in his lungs. *Id.* He states that he fears that he may have respiratory complications that put him at risk of death if contracts COVID-19. *Id.* He also notes that he has a clean disciplinary history in his 53 months of incarceration, that he has taken a guitar education class, has paid some of his financial obligations, has maintained employment with UNICOR, and has completed 3,000 hours of an apprenticeship program. *Id.* In response, the United States argues that Mr. Vossler has not shown extraordinary and compelling reasons warranting a sentence reduction. Dkt. 83. It also argues that Mr. Vossler is a danger to the community and that the sentencing factors in 18 U.S.C. § 3553(a) do not favor release. *Id.*

18 U.S.C. § 3582(c) provides in relevant part:

[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,[1] whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

---

[1]The United States informed Defendant's counsel that it would not contest this matter on exhaustion grounds. *See* dkts. 80, 81.

imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> **(i)** extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c), contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes. While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release,[2] courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings. First, the Court must address whether

---

[2]Until December 21, 2018, only the BOP could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies. *See* 132 Stat. at 5239 (First Step Act § 603(b)).

"[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether Mr. Vossler is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)."[3] *Id.*, Application Note 1(D).

---

[3]The policy statement provides that "[a] reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons." U.S.S.G. Manual §1B1.13, Application Note 4. Likewise, the catchall provision provides, "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D). This policy statement has not been amended since the passage of the First Step Act. Insofar as it states that only the Director of the BOP can bring a motion under § 3582(c)(1)(A), it is directly contradicted by the amended statutory text. This discrepancy has led some courts to conclude that the Commission does not have a policy position applicable to motions under § 3582(c)(1)(A)(i) and that they have discretion to determine what constitutes an "extraordinary and compelling reason" on a case-by-case basis, looking to the policy statement as helpful, but not dispositive. *See, e.g.*, *United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (collecting cases); *see also United States v. Haynes*, No. 93 CF 1043

Mr. Vossler does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. Thus, the question is whether the catchall provision for extraordinary and compelling reasons applies in this case.

The Court concludes that it does not. While the Court sympathizes with Mr. Vossler's fear of contracting the virus, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction).

Moreover, the record does not show that Mr. Vossler is at an increased risk of developing severe symptoms if he contracts COVID-19. While the CDC (Centers for Disease Control and Prevention) has advised that older adults are at risk for developing severe COVID-19 symptoms, Mr. Vossler is only 44 years old. The greatest risk for severe illness from COVID-19 is among those aged 85 and older, and 8 out of 10 COVID-19 related deaths reported in the United States have been among adults aged 65 and older. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-

---

(RJD), 2020 WL 1941478, at *14 (E.D.N.Y. Apr. 22, 2020) (collecting cases). Other courts have held that they must follow the policy statement as it stands and, thus, that the Director of the BOP is the ultimate arbiter of what counts as "extraordinary and compelling" under the catchall provision. *See, e.g.*, *United States v. Lynn*, No. 89-0072-WS, 2019 WL 3805349, at *2–4 (S.D. Ala. Aug. 13, 2019). The Court need not resolve that debate, though, because Mr. Vossler's motion is due to be denied even if the Court assumes that the policy statement is not binding and that it has the discretion to determine what constitutes an "extraordinary and compelling reason" for a sentence reduction.

extra-precautions/older-adults.html (last visited Oct. 6, 2020). Thus, Mr. Vossler's age is not an extraordinary and compelling reason warranting a sentence reduction.

Neither is his history of respiratory infection. Even if Mr. Vossler's unsupported claims about his medical history are accepted, he has—at most—shown that he suffered from a severe respiratory infection one time more than 7 years ago. While having moderate-to-severe asthma or another chronic lung disease—such as COPD, cystic fibrosis, and pulmonary fibrosis—may increase a person's chances of developing severe COVID-19 symptoms, *see* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#copd (last visited Oct. 6, 2020), there is no evidence that Mr. Vossler has moderate-to-severe asthma or chronic lung disease, *see* dkt. 83-1 (Mr. Vossler's BOP medical records). Because he has not shown that he is at an increased risk of suffering severe symptoms if he contracts COVID-19, he has not shown extraordinary and compelling reasons warranting a sentence reduction. *See United States v. Dyson*, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases denying motions for compassionate release from defendants who are not an increased risk of developing severe symptoms if they contract COVID-19, even when they are incarcerated in a "hotspot" for COVID-19 infections).

Finally, while the Court commends Mr. Vossler for his clean disciplinary record, his record of employment, and his other efforts at rehabilitation, rehabilitation is not—standing alone—an extraordinary and compelling reason warranting a sentence reduction. *See* 28 U.S.C. § 994(t).

Given the Court's determination that Mr. Vossler has not shown extraordinary and compelling reasons to justify his release, whether he poses a danger to the community or whether the § 3553(a) factors weigh in favor of his release need not be discussed at length. Nonetheless, the United States makes strong—and unrebutted—arguments that Mr. Vossler is a danger to the

community and that the sentencing factors in § 3553(a) weigh against release. *See* dkt. 83. In this case, Mr. Vossler was found to be in possession of explicit materials depicting the sexual abuse of toddlers. *See* dkt. 54 (Presentence Investigation Report). These are very serious charges. At the time he committed the offenses in this case, Mr. Vossler was on probation for molesting a 3-year-old girl. *Id.* Mr. Vossler's criminal history also shows a disturbing pattern of violence against children (including his own daughter). On this record, the Court cannot conclude that Mr. Vossler is no longer a danger to the community, and it cannot find that the § 3553(a) factors warrant releasing him 8 years early and before he has served even half his sentence.

### III.
#### CONCLUSION

For the reasons stated above, Mr. Vossler's Motion for Compassionate Release, dkt. [73], is **denied**.

**IT IS SO ORDERED.**

Date:  _____10/8/2020_____

_Sarah Evans Barker_
_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel